*In re* MARRIAGE OF MARY B. FORBES, Petitioner-Appellee, and GORDON B. FORBES, Respondent-Appellant.

Fourth District   No. 4—93—0145

Opinion filed September 30, 1993.

Andrew C. Schnack III, of Schnack, Schnack & Cashman, of Quincy, for appellant.

Roland F. Porter, of Chicago, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Respondent Gorden Forbes appeals from a property distribution following a dissolution of marriage, alleging the trial court abused its discretion by failing to equitably distribute property (Ill. Rev. Stat. 1991, ch. 40, par. 503(d)), and specifically, in assigning a $50,695.18 marital debt to him. We agree and reverse.

Gordon and Mary Forbes were married in 1969. Gordon was employed as a management trainee at Sears, Roebuck and Company for the first two or three years of the marriage. After leaving Sears, Gordon opened his own clothing store, Forbes Clothiers, Inc. (FCI); Gordon also was involved in and owned stock in IBG, Inc., a buying cooperative. FCI initially operated only one store, but later opened a second store. Mary was employed as a high school English teacher for

the first four years of the marriage. After leaving her teaching position, Mary was a substitute teacher for four months, worked part-time at the parties' clothing stores, and attended board meetings and served as an officer of FCI. Mary has a trust which had a principal balance of approximately $300,000 in 1990. Income from Mary's trust fund and large gifts from Mary's parents enabled Gordon and Mary to live beyond their means during the marriage.

The marriage was dissolved, and a distribution of property made, in 1991. At the time of dissolution, Gordon was employed as the president of FCI and IBG, Inc. Gordon's income for 1990 was $20,000. Mary's income from her trust and investments in 1990 was $69,000. By agreement, Gordon was awarded custody of the parties' two minor children and child support was fixed at $1,212.38 per month.

In distributing the property, the trial court awarded Mary the marital residence ($234,500), a car ($4,850), and crystal and silver ($11,760). The court ordered Mary to pay the $16,737 due on a loan from Mary's parents for the construction of the marital home. The court additionally determined Mary used nonmarital funds to discharge a marital debt ($22,437) and to pay taxes ($79,493). The court found Mary should be "reimbursed" for these expenditures, and treated the repayment as reimbursement rather than an award of property. Mary was additionally awarded in excess of $1 million in nonmarital property. The court awarded Gordon the stock in FCI, which was not valued, the IBG stock ($55,628), a car ($16,100) and various accounts and individual retirement accounts ($41,037). The court found a liability ($70,000) incurred by Gordon during the marriage for the benefit of FCI to be a nonmarital debt. Finally, the court found a debt to the estate of Mary's father ($50,695.18) to be the joint responsibility of both parties.

Gordon appealed and we affirmed in part, reversed in part and remanded with directions in an unpublished order. (*In re Marriage of Forbes* (4th Dist. 1992), No. 4—91—0529 (unpublished order under Supreme Court Rule 23).) Specifically, we found (1) the trial court erred in determining Mary should be "reimbursed" for the $79,493 expended for taxes as she did not meet her burden of proving any determinate amount was spent for anything other than taxes on her own nonmarital income; (2) the trial court erred in assigning the $50,695 debt to both parties since a continuing joint responsibility to satisfy the debt would fail to meet the goal of terminating the financial entanglement of the parties; (3) the classification of the $70,000 debt as Gordon's nonmarital debt was not an abuse of discretion, especially since the debt was incurred for the benefit of the business

which was awarded to him; and (4) we could not determine whether the trial court had effected an equitable distribution of property because the court had not assigned a value to the FCI stock awarded to Gordon. We remanded, directing the trial court to assign a value to the FCI stock and assign the $50,695.18 note to one of the parties; we additionally noted our resolution of the issues on appeal might affect the trial court's determination of how to equitably distribute the property.

On remand, the parties stipulated the value of the FCI stock was zero. The trial court assigned the $50,695.18 debt to Gordon, but did not otherwise adjust the distribution of property. The parties agreed the $79,493 should not be a credit or reimbursement to Mary. The result was to award Mary net marital assets of $211,936 and nonmarital assets of over $1 million while awarding Gordon net marital assets of $62,070 (*i.e.*, marital assets awarded less the $50,695.18 debt) and nonmarital debts of $70,000. Gordon appeals.

On appeal, Gordon alleges (1) the trial court failed to make an equitable distribution of property pursuant to the requirement of section 503(d) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1991, ch. 40, par. 503(d)); (2) the trial court erred in assigning him the debt to Mary's father's estate on remand, as this "exacerbated the already disparate distribution"; and (3) the trial court failed to follow the instructions given by this court in an earlier appeal.

Mary contends Gordon has waived consideration of his second and third "arguments," due to a failure to cite to pertinent authority. Supreme Court Rule 341(e)(7) provides an appellate brief shall contain the contentions of the appellant and the reasons therefor, with citations to authority. (134 Ill. 2d R. 341(e)(7).) We have previously held a contention that is supported by some argument, but no authority whatsoever, does not satisfy the requirements of Rule 341(e)(7). (*In re Tally* (1991), 215 Ill. App. 3d 385, 390, 574 N.E.2d 1262, 1265.) In his brief, Gordon contends, in the first "argument," that the trial court failed to achieve an equitable distribution of property, citing several cases in support of his position. The second and third "arguments" do not seem to be independent of the first "argument," but appear to set forth the specifics supporting his argument that the trial court erred in distributing the property. The brief could have been more aptly structured, but we do not believe a finding of waiver is appropriate.

The FCI stock has been valued by the trial court, so we are now able to review the distribution of marital assets to determine whether an equitable distribution has occurred. The factors which are to be

considered in distributing property upon dissolution of marriage include (1) the contribution to the acquisition, preservation, or depreciation or appreciation of marital or nonmarital property; (2) the value of the property set apart to each spouse; (3) the duration of the marriage; (4) the relevant economic circumstances of each spouse, including the desirability of awarding the marital home or the right to live therein to the spouse having custody of the children; (5) obligations arising from prior marriages; (6) any antenuptial agreement; (7) the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of the parties; (8) the custodial provisions for the children; (9) whether the apportionment is in lieu of or in addition to maintenance; (10) the reasonable opportunity of each spouse for future acquisition of capital assets and income; and (11) the tax consequences of the property division. Ill. Rev. Stat. 1991, ch. 40, par. 503(d).

The trial court's distribution of property will not be disturbed absent an abuse of discretion. (*In re Marriage of Cheger* (1991), 213 Ill. App. 3d 371, 381, 571 N.E.2d 1135, 1142.) However, reversal is warranted where the trial court fails to consider the statutory factors in making a distribution of property. (See *In re Marriage of Schroeder* (1991), 215 Ill. App. 3d 156, 163, 574 N.E.2d 834, 838.) While the trial court made a conscientious effort to follow our directions, our review of the record shows the pertinent statutory factors were not fully considered. Application of the factors to this case suggests an award of $62,070 net marital assets to a custodial parent out of a net marital estate of $274,006 falls woefully short of an equitable distribution of assets.

The first factor, contribution to the acquisition and maintenance of the assets, does not weigh in favor of either party. (Ill. Rev. Stat. 1991, ch. 40, par. 503(d)(1).) During the marriage both parties contributed financially to the marriage and neither party has introduced evidence that he or she made greater noneconomic contributions than the other spouse. The fifth, sixth and eleventh factors, regarding obligations from prior marriages, antenuptial agreements and tax consequences, respectively, are not pertinent to the present case. (Ill. Rev. Stat. 1991, ch. 40, pars. 503(d)(5), (d)(6), (d)(11).) The balance of the factors weigh in favor of awarding Gordon a larger share of the marital property.

Initially, applying the third and ninth factors to this case, we note this was a marriage of lengthy duration, 22 years. (Ill. Rev. Stat. 1991, ch. 40, par. 503(d)(3).) The parties enjoyed a lavish lifestyle, which Gordon will be unable to continue with the assets awarded to

him. Maintenance was not awarded. Ill. Rev. Stat. 1991, ch. 40, par. 503(d)(9).

The second, seventh, and tenth factors, which require the court to take into consideration each spouse's property, income and employability, and future ability to acquire income and assets, weigh in favor of a larger award of property to Gordon. (Ill. Rev. Stat. 1991, ch. 40, pars. 503(d)(2), (d)(7), (d)(10).) In *Atkinson v. Atkinson* (1981), 87 Ill. 2d 174, 180, 429 N.E.2d 465, 468, the supreme court found it was proper to award almost all of the marital property to the ex-wife where the ex-husband had significant nonmarital assets and his opportunity to acquire income and assets was better than that of the ex-wife. The facts in *Atkinson*, which were set forth in the appellate court opinion, indicated the ex-husband had nonmarital assets valued at $584,000 and annual income of $54,000, while the ex-wife earned $15,000 annually. *In re Marriage of Atkinson* (1980), 82 Ill. App. 3d 617, 626, 402 N.E.2d 831, 837.

This case is similar to *Atkinson*. Mary has nonmarital assets of $1 million, which, according to 1990 figures (the most recent figures in the record), generated income of $69,000 that year. The record additionally reflects Mary has experience teaching high school students; thus, Mary could increase her income if she chose to return to teaching. Gordon has no nonmarital assets and has nonmarital debts of $70,000. He earned $20,000 in 1990, which was derived, at least in part, from employment at a business which is either failing or has failed. Mary has substantial nonmarital property, earns more income, and has a greater opportunity to acquire assets and income in the future than Gordon. Yet, of the net marital estate of $274,006, the trial court awarded Gordon net marital assets of only $62,070.

The fourth and eighth factors, which take into consideration the custodial provisions for the children, also weigh in favor of a larger property award to Gordon. (Ill. Rev. Stat. 1991, ch. 40, pars. 503(d)(4), (d)(8).) Gordon was awarded custody of the children. Section 503(d) recognizes the desirability of awarding the marital home to the spouse having custody of the children. (See *In re Marriage of Wiley* (1990), 199 Ill. App. 3d 169, 178, 556 N.E.2d 809, 815; *In re Marriage of Zummo* (1988), 167 Ill. App. 3d 566, 576, 521 N.E.2d 621, 627.) Although Gordon was awarded custody of the children, the court awarded the marital home, the major asset of the marital estate, to Mary.

In conclusion, we find the trial court erred in failing to consider the statutory factors in distributing the marital property. The application of the statutory factors to the facts of the present case mandates

a finding the award of only $62,070 of the net marital estate of $274,006 to Gordon did not constitute an equitable award of property. We reverse and remand. The trial court must revisit this case and make an equitable distribution of property in accord with this order and the statutory factors.

Reversed and remanded.

STEIGMANN, P.J., and GREEN, J., concur.